

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

**QUINCYE SIMMONS,**

Plaintiff,

v. Civil Action No. **3:07cv172**

**D.B. EVERETT,** ***et al.*****,**

Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 alleging that Defendants Everett, Clarke, Ulep, and Schilling (collectively "Defendants") violated his rights under the Eighth Amendment.[1] This matter is before the Court on Plaintiff's motion for a preliminary injunction requiring Defendants to provide medical treatment for a foot injury he sustained in April 2006. Plaintiff requests an appointment with a neurologist to assess whether he suffered any nerve damage and corrective surgery.

## I. STANDARD FOR PRELIMINARY INJUNCTIVE RELIEF

The Court notes that "preliminary injunctions are extraordinary interlocutory remedies that are granted in limited circumstances and then only sparingly." *In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). The United States Court of Appeals for the Fourth Circuit historically has used a balance of hardships test to determine a plaintiff's entitlement to a preliminary injunction. The analytical framework includes: "(1) the likelihood

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.



of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest." *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 359 (4th Cir. 1991) (*quoting L.J. ex rel. Darr v. Massigna*, 838 F.2d 118, 120 (4th Cir. 1991)).

In order to prevail, Plaintiff must demonstrate a "clear showing of irreparable harm" that is "'neither remote nor speculative, but actual and imminent.'" *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (*quoting Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *citing ECRI v. McGraw-Hill, Inc.*, 809 F.2d. 223, 226 (3d Cir. 1987)); *see Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir.1997). "'The rule barring consideration of remote or speculative injury for purposes of a preliminary injunction applies despite the degree of injurious consequences.'" *Reid v. Johnson*, 333 F. Supp. 2d 543, 550 (E.D. Va. 2004) (*quoting Hodges v. Abraham*, 253 F. Supp. 2d 846, 864 (D.S.C. 2002)). The likelihood of the predicted harm is the primary consideration in the preliminary injunction analysis because it serves to "limit the deployment of the heavy artillery of preliminary injunctive relief to situations in which it is readily apparent to the court that such relief is actually necessary to prevent a harm from occurring." *In Re Microsoft Corp. Antitrust Litig.*, 333 F.3d at 530. "When the court . . . cannot say with confidence that the harm is more likely than not to occur *at all,* the proper conclusion to draw is that the plaintiff has failed to make the clear showing required." *Id.* "Furthermore, the plaintiff must demonstrate a link between his underlying challenge and the predicted irreparable injuries." *Reid*, 333 F. Supp. 2d at 550 (*citing Manning*, 119 F.3d at 265).

## II. ANALYSIS

In assessing the propriety of injunctive relief in the present circumstance, Plaintiff's harm "must at least satisfy the Eighth Amendment's objective component for inmates challenging their conditions of confinement or medical care." *Reid v. Johnson*, 333 F. Supp. 2d 543, 551 (E.D. Va. 2004) (*citing Nelson v. Campbell*, 541 U.S.637, 644-45 (2004)). "Thus, only that unnecessary pain that [Plaintiff] is likely to experience that is 'serious' or 'significant' will be weighed." *Reid*, 333 F. Supp. 2d at 551 (*quoting Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993)).

Plaintiff argues that he may suffer irreparable harm because his foot "may be cripple[d] for life or amputated" if he does not see a specialist in neurology. (Pl.'s Mot. for Prelim. Inj. ¶ 3.) Plaintiff alleges that he "can no longer walk or stand without experiencing excruciating pain and suffering." (Pl.'s Mot. for Prelim. Inj. ¶ 1.) The x-rays taken by medical staff at the time of Plaintiff's foot injury, in April of 2006, show that Plaintiff did not suffer any broken bones. Defendants[2] have tendered evidence indicating that Plaintiff has not complained to the medical department about pain in his foot since July 2006. (Defs.' Mot. for Summ. J., Ex. III ¶ 11). Defendants' records also show that Plaintiff was playing basketball in September of 2006. (Defs.' Mot. for Summ. J., Ex. III Encl. A.)

Plaintiff has not introduced any credible evidence to support his assertion that he may be crippled or that his foot may need to be amputated if he does not see a specialist immediately.

---

[2] When Defendants Everett, Clarke and Schilling filed their motion for summary judgment, Defendant Ulep had not yet been served and he was not a party to their motion for summary judgment. Thus, Defendant Ulep is not included in the Court's use of the term "Defendants" when referring to the evidence submitted in support of the motion for summary judgment.

Thus, Plaintiff has not made a "clear showing of irreparable harm" that is "'actual and imminent.'" *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (*quoting Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *citing ECRI v. McGraw-Hill, Inc.*, 809 F.2d. 223, 226 (3d Cir. 1987)). Accordingly, Plaintiff's motion for preliminary injunctive relief (Docket No. 12) will be DENIED.

And appropriate Order shall issue.

James R. Spencer
CHIEF UNITED STATES DISTRICT JUDGE

Date: 3-6-08
Richmond, Virginia